IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL LYONS,

    Petitioner,                        No. CIV S-02-1846 GEB JFM P

    vs.

MICHAEL KNOWLES, Warden,       ORDER AND

    Respondent.                 FINDINGS AND RECOMMENDATIONS

                              /

          Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction that he suffered in December 2000 for battery on a peace officer, for which he was assessed a 12 month term in a secured housing unit (SHU) and a loss of 150 days of good time credits and 60 days of privileges after his release from SHU.[1] Petitioner raises four related claims in his petition. First, he contends that his due process rights were violated when several of his witnesses were present by regular telephone, rather than a speakerphone. Second, he contends that the state courts erred in concluding that petitioner had no constitutional right to a speakerphone. Third, he claims that his constitutional rights were violated when he received no

---

[1] This action is proceeding on the amended petition filed March 31, 2003.

1

meaningful assistance from the staff assistant assigned to him for the hearing. Finally, he contends that institutional classification did not properly review the disciplinary conviction.

## ANALYSIS

### I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

1          The court looks to the last reasoned state court decision as the basis for the state
2  court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court
3  reaches a decision on the merits but provides no reasoning to support its conclusion, a federal
4  habeas court independently reviews the record to determine whether habeas corpus relief is
5  available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).
6  II.  Petitioner's Claims
7       A.  Due Process at the Disciplinary Hearing
8            1.  Use of Speakerphone
9          Petitioner's first claim for relief is that his due process rights were violated when
10 the witnesses he called at his disciplinary hearing were interviewed by the hearing officer over a
11 standard telephone.  Petitioner claims that he did not hear the witnesses' answers to his
12 questions, which were posed to them by the hearing officer, and that his right to have witnesses
13 present at the hearing was thereby violated.
14         Respondent contends that petitioner's rights were not violated by the procedures
15 used at the disciplinary hearing and that the decision to use a regular telephone was a proper
16 balance between the requirements of due process and prison security concerns.  Respondent also
17 contends that during the hearing the telephone receiver was placed in a place where petitioner
18 could hear responses, and that petitioner did not raise any objection to the procedure used until
19 after he was convicted of the charges.
20         The last reasoned state court rejection of petitioner's first claim is the decision of
21 the Amador County Superior Court on a petition for writ of habeas corpus filed by petitioner in
22 that court.  (See Ex. D to Answer, filed August 21, 2003, In re Daryl Lyons, No. 01HC0253
23 (Dec. 3, 2001).)  The state court rejected the claim on the grounds that "petitioner received the
24 due process to which he was entitled.  There is no constitutional requirement that a speakerphone
25 be used during a disciplinary hearing.  There is no evidence that the hearing officer refused to ask
26 /////

questions of any witness or that the questions were not asked as requested by the petitioner." (Id., slip op. at 2.)

In relevant part, the due process clause of the federal constitution guarantees prison inmates the right to call and present witnesses in prison disciplinary proceedings. See Ponte v. Real, 471 U.S. 491, 495 (1985). That right, however, "is necessarily circumscribed by the penological need to provide swift discipline in individual cases." (Id.) The United States Supreme Court has held that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits . . . , as well as to limit access to other inmates to collect statements or compile other documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). As a general rule, prison officials are not required to allow either cross examination nor confrontation of witnesses in prison disciplinary hearings. See Ponte, at 567.

Here, petitioner was allowed to call witnesses at his disciplinary hearing. Following the conviction, petitioner filed an administrative grievance challenging the conviction and complaining that he had not been allowed to question witnesses over a speakerphone. (Ex. C to Answer.) The hearing officer advised the appeals examiner that because petitioner was housed in administrative segregation at the time of the hearing there was limited access to a speaker phone, but that the hearing officer had questioned witnesses and then put the receiver between himself and petitioner so that both could hear the answers. (Id.)

Petitioner contends that he could not hear the answers, and that several answers were not accurately transcribed on the report of the disciplinary proceedings. Specifically, petitioner complains that the testimony of inmate Walton was not accurately transcribed by the hearing officer. (See Attachment B to Amended Petition, Petition for Writ of Habeas Corpus to California Court of Appeal for the Third Appellate District, at 4.) There is no evidence to support petitioner's contention that inmate Walton's testimony was not accurately transcribed.

/////

/////

Petitioner also contends that the hearing officer's representation that there was no speakerphone available is false. This contention is irrelevant.[2] There is no evidence that use of a telephone, rather than a speakerphone, interfered with any process to which petitioner was entitled under the federal due process clause.

For the foregoing reasons, the state court's rejection of this claim was neither contrary to nor an unreasonable application of clearly established federal law. Petitioner's first claim for relief should be denied.

### 2. Adequacy of Staff Assistant

Petitioner's third claim for relief is that he received inadequate assistance from the staff assistant assigned to help him with the hearing. Specifically, petitioner contends that the assigned staff assistant "had a responsibility to insure that witnesses responded as claimed by hearing Lieutenant and insist upon a speakerphone being used." (Amended Petition, at 6.) Petitioner claims that he did not meet the staff assistant until the hearing, and that the assistant provided no representation. (Id.) Petitioner raised a general claim concerning the alleged denial of adequate staff assistance in a petition for writ of habeas corpus filed in the California Supreme Court on February 11, 2002. (Ex. E to Answer.) The petition was denied by order filed July 24, 2002 in an order containing no statement of reasons for the decision. (Id.)

> In Wolff, the Supreme Court held that a prisoner facing misconduct charges be accorded 24 hours' advance written notice of the charges against him; the right to call witnesses and present documentary evidence in a manner consistent with institutional security; if illiterate, staff assistance in preparing a defense; an impartial tribunal; and a written statement explaining the basis of the tribunal's decision. See Wolff v. McDonnell, 418 U.S. at 563-72, 94 S.Ct. at 2978-82.

Toussaint v. McCarthy, 801 F.2d 1080, 1099 n.2 (9th Cir. 1986).

/////

---

[2] For this reason, petitioner's request for an evidentiary hearing on this claim will be denied.

5

In accordance with Wolff, the due process clause only guarantees illiterate inmates staff assistance in preparing a defense to prison disciplinary charges. The evidence of record shows that petition is not illiterate. (See, e.g., Ex. B to Answer.) He was not, therefore, constitutionally entitled to a staff assistant at his disciplinary hearing. Petitioner's third claim for relief should be denied.

### B. State Superior Court Decision

In his second claim, petitioner challenges the validity of the state superior court's decision that he had no constitutional right to a speakerphone at his disciplinary hearing. On federal habeas corpus, this court reviews the state court's decision to ensure that it does not violate clearly established applicable principles of federal law. For the reasons set forth in section IIA, supra, the state superior court's decision was neither contrary to, nor an unreasonable application of applicable principles of federal law. The right guaranteed under federal law is the right to call witnesses at a disciplinary hearing "in a manner consistent with institutional security." Toussaint, at 1099 n.2. The United States Constitution does not guarantee a specific means of securing such testimony. The state court's holding that there is no constitutional right to a speakerphone was not contrary to applicable principles of federal law. To the extent that petitioner's second claim for relief differs from his first, it should be denied.

### C. Adequacy of Classification Committee Review

Petitioner's final claim is that his disciplinary conviction was not adequately reviewed by "institutional classification" and that such review would have led to reversal of his disciplinary conviction and a finding that his witness' testimony had not been accurately transcribed. A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Petitioner's fourth claim is not grounded in federal law and is therefore not cognizable in this federal habeas corpus proceeding.

/////

For all of the foregoing reasons, IT IS HEREBY ORDERED that petitioner's September 24, 2003 request for an evidentiary hearing is denied; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2006.

UNITED STATES MAGISTRATE JUDGE

12
lyon1846.157